IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE A. DUGGAN,

    Plaintiff,

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
                                /

No. C 11-02176 WHA

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

**INTRODUCTION**

In this social security appeal, plaintiff moves for attorney's fees and expenses under the Equal Access to Justice Act. For the reasons stated below, plaintiff's motion is **GRANTED IN PART**.

**STATEMENT**

The facts have been set forth in a prior order (Dkt. No. 27). Briefly, this action was initially filed for disability benefits in March 2005. The administrative law judge found that plaintiff was not disabled despite having impairments of lumbar degenerative disc disease, polysubstance abuse in reported remission, and right upper extremity strain. After the appeals council denied plaintiff's request for review, plaintiff filed an appeal here (Dkt. No. 27).

Prior to the appeals council's denial, plaintiff had filed a separate application for disability with Disability Determination Services Department, a state agency that determines

disability for the Social Security Administration. The DDS physicians opined that plaintiff's impairments were consistent with spinal impairments listed in Section 1.04A. The DDS estimated the date of plaintiff's disability to be February 27, the day after the ALJ's initial decision that plaintiff was not disabled, so as not to directly conflict with the ALJ's determination of non-disability (Dkt. No. 27).

Because of the inconsistencies between the ALJ and DDS determinations, the parties stipulated to remand. On the stipulated remand, the ALJ was tasked with reconciling its initial denial with the subsequent allowance by the DDS. The ALJ again found that plaintiff was not disabled between March 2003 and February 2007 (Dkt. No. 27).

Plaintiff again appealed. Again the action was remanded. Plaintiff now moves for attorney's fees and expenses pursuant to the EAJA. Plaintiff seeks $12,111.36 in attorney's fees and expenses. Defendant contends that fees and expenses should not be awarded because it was substantially justified in its conduct, or alternatively that the requested amount is excessive and unreasonable. This order follows briefing and a hearing. Plaintiff's counsel failed to appear at the hearing.

**ANALYSIS**

**1. ENTITLEMENT TO FEES AND EXPENSES.**

The Equal Access to Justice Act provides in pertinent part that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought . . . against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." In order for a fee award to be granted, (1) a party must "prevail" in a civil action, and (2) the government's position in the action, including the underlying administrative proceedings, must have been "not substantially justified."

A party "prevails" for the purposes of the EAJA if the denial of its benefits is reversed and remanded, regardless of whether benefits ultimately are awarded. *Gutierrez v. BARNHART*, 274 F.3d 1255, 1257 (9th Cir. 2001). The government bears the burden of proving that its

2

conduct was substantially justified. Our court of appeals has held that this standard is one of reasonableness, and the government must establish that its conduct "had a reasonable basis both in law and fact." *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

The government does not contest that plaintiff was a prevailing party for the purposes of the EAJA. The government so concedes and this order agrees that plaintiff was the prevailing party (because the government stipulated to a remand).

The government, however, contends that plaintiff is not entitled to fees and expenses because its position was substantially justified. The government argues that on the stipulated remand the ALJ properly considered the evidence prior to February 2007 including evidence from the DDS physicians and the medical expert's opinion. The government also argues that it was substantially justified in defending the ALJ's decision. This order disagrees.

*First*, the ALJ did not adequately explain why plaintiff was non-disabled under Section 1.04A prior to February 27. This was required by the stipulated remand order to reconcile the inconsistencies in the evidence. This was a major issue because there were no medical reasons given for the DDS' decision to commence benefits on February 27. It was simply the earliest date that benefits could commence due to the ALJ's unfavorable February 26 decision. Failure to adequately address this issue was erroneous (Dkt. No. 27).

*Second*, the ALJ did not address Section 1.04A at all. This was surprising because the DDS physicians opined that plaintiff's impairments medically equaled the disabling spinal impairment listed in Section 1.04A. "The ALJ's lack of discussion regarding the DDS physicians' clinical findings, shows that the ALJ did not adequately reconcile the DDS physician determination of disability . . ." (Dkt. No. 27).

For the reasons mentioned above, the ALJ failed to follow the stipulated remand order to reconcile the inconsistencies in the evidence. This order finds that the government's position was not substantially justified because the ALJ's decision and the government's defense thereof was not reasonably based in law and fact.

### 2. REASONABLENESS OF FEES AND EXPENSES.

Fees awarded pursuant to the EAJA must be reasonable. The party requesting the fee award bears the burden of proving that its request is reasonable. Any task that would not be billed to a client may not be billed to an adversary under the EAJA. "Excessive, redundant, or otherwise unnecessary" hours must be excluded. *Hensley v. Ekerhart*, 461 U.S. 424, 437 (1983). Clerical tasks, even when performed by an attorney or paralegal, may not be billed to an adversary. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). Any fees awarded pursuant to the EAJA must be paid to the plaintiff, not to the plaintiff's attorney. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).

Surveys of several dozen social security actions have been conducted to find an appropriate range for hours billed. *See Lobato v. Astrue*, 2012 WL 3155699, *3 (N.D. Cal. Aug. 2, 2012) (Spero, J.) (Citing *Patterson v. Apfel*, 99 F. Supp. 2d 1212 (C.D. Cal. 2000) (Wistrich, J.)). The most appropriate range seems to be between twenty to forty hours billed in a standard social security action. *Ibid*. Additionally, an "in-house survey performed by Chief Judge Carl Rubin of the Southern District of Ohio and encompassing seven years of data . . . found that the average number of hours asserted in the fee petition was 37.3." *Ibid*. (quotations omitted).

The government contends that the amount sought for fees and expenses is unreasonable. Specifically, the government challenges the 74.8 hours billed by plaintiff's counsel and not the hourly rate requested by plaintiff. The government also argues that the billed entries include clerical tasks which are not recoverable.

It must first be noted that the government lumps together all attorney's fees requested including those for the instant motion. This order finds that 67.6 hours were spent on the appeal action and 7.2 hours were spent on the instant motion requesting EAJA fees. This order first addresses the hours billed for the appeal action and then the hours billed for the instant motion.

The break-down of the 67.6 hours billed for the appeal action is as follows: 54.9 hours attorney time, 10 hours law clerk time and 2.7 hours administrative time. This action was not so

4

complicated or difficult to justify 67.6 hours. The hours billed are well over the upper limit of the standard twenty to forty hour range. The 54.9 attorney hours alone are beyond this range.

This order finds that forty hours was the time this case deserved. These hours will be attributed completely to attorney work because the attorney work exceeded forty hours. Moreover, defendant's argument regarding unbillable clerical tasks is now moot because the attorney work was largely free of clerical tasks. The majority of the clerical tasks were billed by the law clerk, whose hours will not be billed for the appeal action.

The attorney's fees will be calculated by adjusting the total hours down to forty. As stated previously, 54.9 attorney hours were billed for the appeal action (47.3 attorney hours in 2011 and 7.6 attorney hours in 2012). This order adjusts the total hours to 35 hours for 2011 and five hours for 2012, which is fairly consistent with how the hours were billed in each year. The attorney's fees award for the appeal action, as adjusted, is as follows: $6,320.65 for 2011 (35 hours at $180.59/hour) and $918.65 for 2012 (five hours at $183.73/ hour).

Additionally, plaintiff is entitled to attorney's fees for the instant motion. This order finds the attorney's fees for the instant motion to be $825.36 (six law clerk hours at $110 and .9 attorney hours at $183.73). The .3 administrative hours billed by the law clerk is excluded as clerical work.

Plaintiff is also entitled to $2.36 in expenses for postage. *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985). Accordingly, plaintiff is awarded $8,064.66 in attorney's fees and $2.36 in expenses.

## CONCLUSION

For the reasons mentioned above, plaintiff's motion is **GRANTED IN PART** with respect to $8,064.66 in attorney's fees and $2.36 in expenses and **DENIED IN PART** with respect to the remainder of plaintiff's request. Defendant shall pay the award amount directly to plaintiff.

**IT IS SO ORDERED.**

Dated: December 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5